Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON ADAMS & DOWNEY, LLP
525 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 231-7595

Attorneys for Gerald H. Davis, Chapter 7 Trustee,

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LARRY D. URDAHL, ROSE L. URDAHL,<br><br>    Debtors.<br><br>_____<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for WaMu Series 2007-HE1 Trust, its assignees and/or successors,<br><br>    Movant,<br><br>v.<br><br>LARRY D. URDAHL, ROSE L. URDAHL, Debtors; and GERALD H. DAVIS, Chapter 7 Trustee,<br><br>    Respondents.<br>_____ | CASE NO. 07-07227-PWB7<br><br>R.S. No. KSH-1<br><br>**TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:  February 25, 2008<br>Time:  10:00 a.m.<br>Dept:  Four<br>Honorable Peter W. Bowie |

///

///

///

///

-1-   OPPOSITION TO MOTION FOR RELIEF FROM STAY

**SUMMARY**

The trustee's objection to this motion for relief from the stay is based on the fact the moving party has failed to establish it has standing to bring this motion and has failed to prove that it possesses a perfected lien against the real property at issue.

Here, the moving party, **Deutsche Bank National Trust Company**, as Trustee for WaMu Series 2007-HE1 Trust, its assignees and/or successors (hereinafter moving party or "Deutsche"), submits the following evidence in support of its motion for relief from stay:

| **Document:** | **Fact Revealed:** |
| --- | --- |
| Deed of Trust: | Beneficiary is Washington Mutual |
| Promissory Note: | Obligee is Washington Mutual |
| Bankruptcy Schedules: | Creditor is Washington Mutual |
| WAMU Declaration: | Servicing Agent is Washington Mutual. |

The only fact relevant to the standing of Deutsche Bank in any of the papers filed in support of this motion for relief from stay is a statement that "***this Secured Creditor is the holder of a Promissory Note***." (Par. 6 of Brecheen Decl.) No foundation or explanation for this conclusory statement is provided.

Moving party failed to provide this court with evidence relating to Deutsche's standing of to bring this motion and there is no evidence relating to the validity of a perfected lien or transfer/assignment of the promissory note to Deutsche. At the very least, moving party should provide evidence to support this motion that includes proof of the following:

(1)   Proof that a valid Assignment(s) of the promissory note was executed pre-petition;

(2)   Proof that an Assignment of the deed of trust was acknowledged and recorded pre-petition;

(3)   Proof that an Assignment of the promissory note was delivered to Deutsche pre-petition;

1     (4)    Proof that the actual Promissory Note was delivered to Deutsche, and that it has possession of said note, pre-petition;

    (5)    Proof that a service agreement exists between Washington Mutual and Deutsche;

    (6)    Proof that the Promissory Note was properly endorsed to Deutsche at some time pre-petition;

    (7)    Declaration from an authorized agent of Deutsche explaining the facts relating to the Assignment and the existence of the necessary documents as described above; explaining the circumstances relating to the possession of the Promissory Note and/or Assignment and providing proof of Deutsche's status as holder of the Promissory Note.

Furthermore, the trustee has reviewed the public records through the website for the San Diego County Recorder's Office which has revealed that no assignment of note and/or deed of trust has apparently been recorded in connection with the subject property. Furthermore, it appears from the public records that the notice of default recorded against the property was filed in the name of Washington Mutual.

## ARGUMENT

**A.    DEUTSCHE MUST PROVE IT IS THE REAL PARTY IN INTEREST.**

First and foremost, the moving party, Deutsche, must demonstrate it is the *real party in interest* in order to bring this motion. Relief from the automatic stay will be allowed under Section 362(d)[1] as follows:

> (d)  On request of a ***party in interest*** and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

---

[1]/ Unless stated otherwise, all references to sections shall refer to the Bankruptcy Code, Title 11 of the United States Code.

-3-    OPPOSITION TO MOTION FOR RELIEF FROM STAY

>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>    (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
>       (A) the debtor does not have an equity in such property; and
>
>       (B) such property is not necessary to an effective reorganization;

A motion for relief from stay is a contested matter subject to Rule 9014 of the F.R.B.P. (Rule 4001(a)(1).) The real party in interest requirement of Rule 7017 applied to contested matters pursuant to Rule 9014(c). Rule 7017 provides the following in relevant part:

>    (a) Real Party in Interest. Every action shall be prosecuted in the name of the real prarty in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought.

The burdens of proof in any action for relief from the automatic stay are governed by Section 362(g) which provides as follows, in relevant part:

>    (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>       (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
>       (2) the party opposing such relief has the burden of proof on all other issues.

Accordingly, the initial burden of proof is on the Movant. Deutsche must submit a prima facie case that it is a party in interest and that it is entitled to relief. Mere allegations alone, without supporting evidence, will not establish a prima facie case. Instead, Deutsche must submit testimony, exhibits, or other admissible evidence to support each element in its prima facie case. See In re Elmore, 94 B.R. 670, 677 (Bkrtcy. C.D. Cal. 1988).

Recent decisions dealing with lenders claiming to be assignees or third parties to the original loan transaction have caused the courts to demand proof of standing. Recently, in the

case of In re Maisel, 378 B.R. 19 (Bkrtcy. D. Mass. 2007), the bankruptcy court voiced concerns over lenders bringing relief from stay motions in haste. The court stated that "if the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant." Id. See also In re Schwartz, 366 B.R. 265 (Bkrtcy. D. Mass. 2007) (Relief from stay denied where foreclosure is improperly conducted because assignment provided to the court was not signed until after the foreclosure sale.)

A court determining a relief from stay motion should consider defenses that "strike at the very heart of the validity of movant's secured claim by barring any recovery on the debt or any lien enforcement." In re Souders, 75 BR 427, 432 (Bkrtcy. E.D. Penn. 1987) (overruled on other grounds in FRG, Inc. v. Manley, 919 F2d 850, 856 (3rd Cir. 1990)).

Furthermore, as a general rule, hearings on relief from stay under § 362 are not the proper forum for deciding counterclaims by a debtor against a creditor. In re W.E. Tucker Oil, Inc., 42 B.R. 897, 902 (Bkrtcy. W.D.Ark.1984).[2] It has been pointed out, however, that "there is a tremendous difference between adjudication of the merits and mere consideration of counterclaims and defenses. Nothing in the comments of Congress indicates that it intended bankruptcy judges to blind themselves to the existence of factors which might bear on the ultimate resolution of a dispute between a debtor and a secured creditor." In re Tally Well Service, Inc., 45 B.R. 149, 151 (Bkrtcy. E.D. Mich. 1985). It has been explained:

> Counterclaims or affirmative defenses are divided into two groups, those which directly contest the validity of a creditor's lien or the amount of that lien, as opposed to those claims which would only effect a reduction or set-off against the debt. The first type should be considered in a hearing on relief from stay; the latter should not.

In re Pappas, 55 B.R. 658, 660-61 (Bkrtcy. Mass. 1985).

---

[2]/ Final determination of the issues raised in this brief will most likely have to be determined in the context of an adversary proceeding. Upon confirmation that the moving party has failed to perfect its lien against the subject real property, the trustee will file an adversary proceeding to avoid the purported lien under Section 544.

-5-     OPPOSITION TO MOTION FOR RELIEF FROM STAY

The court must order the automatic stay continued in effect pending conclusion of the final hearing on the motion if there is "a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." § 362(e). The 60–day period can be further extended by the court for "good cause" as described in its findings. § 362(e)(2).

Here, the trustee's arguments set forth below demonstrate that Deutsche must prove that it has complied with the requirements for a valid and enforceable assignment of the subject promissory note and deed of trust or this motion must be denied.

**B.    DEUTSCHE MUST PROVE THE ASSIGNMENT OF THE MORTGAGE WAS DULY ACKNOWLEDGED AND RECORDED.**

In order for Deutsche to properly prove to this court that it is entitled to relief from stay to foreclose upon the subject real property, it must first prove the Assignment was duly "acknowledged and recorded." Under California law, if the Assignment is not acknowledged and recorded, the assignee is without the power of sale and cannot foreclose on the subject property:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. ***The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded***.

Civil Code, Section 2932.5 (Emphasis added.)

A recorded assignment of note and deed of trust vests in an assignee all of rights and interests of a beneficiary, including authority to exercise any power of sale given to a beneficiary. Strike v. Trans-West Discount Corp. (1979) 92 Cal.App.3d 735. Conversely, an equitable subrogee to senior lienholder's right, on the other hand, does not have identical rights, e.g., he

cannot compel a written assignment and he cannot foreclose by nonjudicial process as can an assignee of such rights by written instrument. Id.

Here, the moving party, Deutsche, has completely failed to provide any evidence that an assignment exists and that it was recorded. As mentioned above, the public records on the website for the San Diego County Recorder's Office indicates that no assignment was recorded. Therefore, if the moving party is unable to prove that an assignment was in fact acknowledged and recorded, then Deutsche is without the ability to foreclose upon the property and this motion should be denied without further delay.

## C. DEUTSCHE MUST PROVE THAT THE PROMISSORY NOTE WAS INDORSED AND PHYSICALLY DELIVERED TO THE ASSIGNEE.

In California, a promissory note must be unambiguously endorsed and physically delivered to the assignee. Section 3203 of the California Commercial Code provides the following in relevant part:

(a) ***An instrument is transferred when it is delivered*** by a person other than its issuer for the ***purpose of giving to the person receiving delivery the right to enforce the instrument***.

(b) ***Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument***, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

-7-   OPPOSITION TO MOTION FOR RELIEF FROM STAY

California Commercial Code, Section 3203(a) and (b).  (Emphasis added.)  Under Note 1 of the Uniform Commercial Code Comments, the distinction between the ownership of the note and the right to enforce the note arising in connection with the possession requirement is explained:

> Although transfer of an instrument might mean in a particular case that title to the instrument passes to the transferee, that result does not follow in all cases.  ***The right to enforce an instrument and ownership of the instrument are two different concepts***.  A thief who steals a check payable to bearer becomes the holder of the check and a person entitled to enforce it, but does not become the owner of the check.  If the thief transfers the check to a purchaser the transferee obtains the right to enforce the check.  If the purchaser is not a holder in due course, the owner's claim to the check may be asserted against the purchaser.  Ownership rights in instruments may be determined by principles of the law of property, independent of Article 3, which do not depend upon whether the instrument was transferred under Section 3-203.  Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument.  <u>For example</u>, suppose X is the owner and holder of an instrument payable to X.  X sells the instrument to Y but is unable to deliver immediate possession to Y.  Instead, X signs a document conveying all of X's right, title, and interest in the instrument to Y.  ***Although the document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to enforce the instrument until Y obtains possession of the instrument***.  *No transfer of the instrument occurs under Section 3-203(a) until it is delivered to Y*.

(Note 1 to Uniform Commercial Code Comments.)  (Emphasis added.)

In California, where transactions do not fall within the scope of Division 9 of the Commercial Code, a transfer of a promissory note is perfected upon the ***execution and delivery*** of a valid assignment of the transferred promissory note. Section 955.1 of the Civil Code provides the following in relevant part:

(a)  Except as provided in Sections 954.5 and 955 and subject to subdivisions (b) and (c), ***a transfer other than one intended to create a security interest*** (paragraph (1) or (3) of subdivision (a) of Section 9109 of the Commercial Code) of any payment intangible (Section 9102 of the Commercial Code) and **any transfer of accounts, chattel paper, payment intangibles, or promissory notes excluded from the coverage of Division 9 of the Commercial Code by paragraph (4) of subdivision (d) of Section 9109 of the Commercial Code <u>shall be deemed perfected as against third persons upon there being executed and delivered to the transferee an assignment thereof in writing</u>**.

Civil Code, Section 955.1.  (Emphasis added.)

Additionally, where transactions do fall within the scope of Division 9 of the Commercial Code, "a security interest in chattel paper, negotiable documents, instruments, or investment property ***may be perfected by filing***."  Commercial Code, Section 9312(a).  Additionally, "a secured party may perfect a security interest in tangible negotiable documents, goods, instruments, money, or tangible chattel paper ***by taking possession of the collateral***."  Commercial Code, Section 9313(a).

The Uniform Commercial Code Comments to Section 9312(a) explains that an assignee can perfect his assignment of a promissory note by either obtaining possession of the note or by filing the assignment as follows:

> Subdivision (a) further provides that filing is available as a method of perfection for security interests in chattel paper and negotiable documents. ***<u>Tangible chattel paper is sometimes delivered to the assignee, and sometimes left in the hands of the assignor for collection.  Subdivision (a) allows the assignee to perfect its security interest by filing in the latter case. Alternatively, the assignee may perfect by taking possession</u>***.

Note 3, Uniform Commercial Code Comments to Section 9312(a).  (Emphasis added.)

Furthermore, a valid endorsement of promissory must be shown in order to perfect the assignment of said note. "*[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder*" and "[i]f an instrument is payable to bearer, it may be negotiated by transfer of possession alone." Commercial Code, Section 3201(b). Once again, the Uniform Commercial Code Comments to Section 3201 explain the perfection requirements in more detail as follows:

> Normally, negotiation occurs as the result of a voluntary transfer of possession of an instrument by a holder to another person who becomes the holder as a result of the transfer. ***Negotiation always requires a change in possession of the instrument because nobody can be a holder without possessing the instrument, either directly or through an agent***.

Note 1, Uniform Commercial Code Comments to Section 3201. (Emphasis added.) Also, the courts have held that a transferee does not acquire the status of "holder" of a promissory note where the rights were transferred by separate instrument without an endorsement or negotiation of the subject notes. Security Pacific Nat. Bank v. Chess (1976) 58 Cal.App.3d 555. Negotiation of an order instrument depends upon endorsement, which, according to § 3202, must be written by or on behalf of the holder and on the instrument or on papers so firmly affixed thereto as to become part thereof. Id. An endorsement is generally required on all negotiable instruments except those payable to bearer. Wright v. Bank of California, Nat. Ass'n (1969) 276 Cal.App.2d 485.

Under the California Commercial Code, the indorsement that is required to perfect the negotiation of notes is defined as follows:

> *"Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of* (1) **negotiating the instrument**, (2) restricting payment of the instrument, or (3) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying

-10-   OPPOSITION TO MOTION FOR RELIEF FROM STAY

words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

Commercial Code, Section 3204(a).  (Emphasis added.)

Here, moving party, Deutsche, has provided no evidence that it has possession of the promissory note and deed of trust.  Furthermore, Deutsche has failed to provide any evidence that the promissory note was ever properly endorsed by Washington Mutual.  Therefore, the trustee requests this court to require Deutsche to provide the necessary evidence to prove that it has complied with all requirements for perfection of its purported lien and its right to foreclose upon the subject property.

## **CONCLUSION**

Based upon the foregoing reasons, the trustee respectfully requests this court to deny the instant motion for its failure to meet its burden of proof that Deutsche is the real party in interest and possesses a valid lien against the subject property.  Alternatively, the trustee requests this court to require moving party to provide proof that Deutsche's lien and the assignment of the note and deed of trust have been perfected in accordance with law of California, as described above, or face denial of the instant motion.

NORTON ADAMS & DOWNEY
Limited Liability Partnership

Dated: February 8, 2008

By: */s/ Richard C. Norton*
    Richard C. Norton
Attorneys for Gerald H. Davis, Chapter 7 Trustee

# PROOF OF SERVICE

I, Yvette Luna, declare that: I am over the age of 18 and not a party to the within action; I am employed in the County of San Diego, California where the service occurs; and my business address is 525 B Street, Suite 1500, San Diego, California.

On February 8, 2008, I served the foregoing document(s) described as:

**REQUEST FOR HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND NOTICE OF HEARING [FORM CSD 1186]**

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY REAL PROPERTY [FORM CSD 1161]**

**TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**DECLARATION OF RICHARD C. NORTON IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as shown below:

| | |
|---|---|
| Kristin A. Schuler-Hintz, Esq.<br>JaVonne M. Phillips, Esq.<br>MCCARTHY & HOLTHUS, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101 | United States Trustee<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 |
| Don E. Bokovoy, Esq.<br>PACIFIC LAW CENTER<br>4225 Executive Square, Suite 1550<br>La Jolla, CA 92037-1469 | |

 X  **BY MAIL**: I placed a true copy in a sealed envelope addressed to the parties as indicated above, on **February 8, 2008.** I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    **BY FACSIMILE**: From facsimile machine telephone number (619) 231-7595 on **February 8, 2008**, I served a full and complete copy of the above-referenced documents on the above-party(ies) at their respective facsimile numbers as indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **February 8, 2008** at San Diego, California.

/s/ Yvette Luna
_____
Yvette Luna